IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD FULLARD,                    )
                                     )
              Petitioner,            )
                                     )
    v.                               )          1:15CV251
                                     )
FRANK PERRY,                         )
                                     )
              Respondent.            )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a Petition under 28

U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Rule 4, Rules

Governing Section 2254 Proceedings, states:

> If it plainly appears from the petition and any attached exhibits that the
> petitioner is not entitled to relief in the district court, the judge must dismiss
> the petition and direct the clerk to notify the petitioner.

A writ of habeas corpus may issue if a petitioner demonstrates that he is in state custody in

violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). For

the following reasons, this Petition should be summarily dismissed pursuant to Rule 4, Rules

Governing Section 2254 Cases.

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a) the federal courts have jurisdiction to

entertain applications for habeas corpus only if the petitioner is "in custody." The custody

requirement of § 2254 is not met when the prisoner is challenging an expired state sentence, even if the expired sentence has enhanced a current sentence. See Maleng v. Cook, 490 U.S. 488, 492 (1989). If a petitioner is not in custody on the challenged conviction, the Court lacks subject matter jurisdiction in the case. Id. at 494. In this case, Petitioner seeks to attack convictions he obtained in the Forsyth County Superior Court on August 6, 1985, in cases 85CRS037301, 84CRS022591, and 84CRS022590. (Docket Entry 1, §§ 1, 2.) He reports that he received a sentence of "10 years total--(4 years and 6 years)." (Id., § 3.) A simple mathematical calculation reveals that Petitioner's sentences for these conviction necessarily expired approximately twenty years ago. This is supported by the North Carolina Department of Public Safety's website, which reports that a person by the name of "Reginald Fullard," was convicted in cases 85CRS037301 and 84CRS022591 from Forsyth County, received sentences of six and four years, and was released on February 5, 1989. See http://www.doc.state.nc.us/offenders (search for "Reginald Fullard") last completed April 13, 2015).[1] Further, those records reveal that Petitioner received and served multiple sentences following his release from the 1985 convictions. Petitioner is currently in custody serving a sentence for a much more recent conviction for assault with a deadly weapon with intent to kill inflicting serious injury. However, as stated above, this is not sufficient to meet § 2254's custody requirement as to the 1985 convictions even if those convictions affect his current sentence. Further, the Court informed Petitioner of this fact in conjunction with a

---

[1] This person also has the offender identification number "0137874," which matches the number on the envelope containing the Petition in the present case.

prior filing in <u>Fullard v. Perry</u>, No. 1:15CV196 (M.D.N.C.), and warned him that dismissal of his claim would occur if he could not demonstrate custody. However, despite this warning, he fails to even allege any potential basis for custody in the present Petition other than a statement that the prior convictions affect his present case. (Docket Entry 2, § 12, Ground Four (e).) The Court finds that Petitioner is not in custody for the challenged conviction and that it lacks jurisdiction over this Petition because Petitioner does not satisfy the custody requirement.

*In forma pauperis* status will be granted for the sole purpose of entering this order and recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this order and recommendation.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* pursuant to Rule 4, Rules Governing Section 2254 Cases.

This, the 15th day of April, 2015.

_____
Joe L. Webster
United States Magistrate Judge